# EXHIBIT A

Fulton County Superior Court
***EFILED***LW
Date: 4/9/2021 4:05 PM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of _FULTON_ County

| For Clerk Use Only | |
|---|---|
| Date Filed __4/9/2021__<br>MM-DD-YYYY | Case Number __2021CV348070__ |

**Plaintiff(s)**

_BEAVERS,_  _BRITTANY_

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

_THE CHEESECAKE FACTORY RESTAURANTS, INC._

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _RITA T. WILLIAMS_    State Bar Number _763978_    Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20



# Notice of Service of Process

**SBR / ALL**
**Transmittal Number: 23043710**
**Date Processed: 04/12/2021**

| | |
|---|---|
| Primary Contact: | Scarlett May<br>The Cheesecake Factory Incorporated<br>26901 Malibu Hills Rd<br>Calabasas Hills, CA 91301-5354 |
| Electronic copy provided to: | Kurt Leisure<br>Kristen Acaya<br>Joel Shafer<br>Sidney Greathouse |

| | |
|---|---|
| **Entity:** | The Cheesecake Factory Restaurants, Inc.<br>Entity ID Number  1595404 |
| **Entity Served:** | The Cheesecake Factory Restaurants, Inc. |
| **Title of Action:** | Brittany Beavers vs. The Cheesecake Factory  Restaurants, Inc |
| **Matter Name/ID:** | Brittany Beavers vs. The Cheesecake Factory  Restaurants, Inc (11134516) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Fulton County Superior Court, GA |
| **Case/Reference No:** | 2021 CV348070 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 04/12/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rita Tucker Williams<br>404-370-3783 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Fulton County Superior Court
***EFILED***LW
Date: 4/9/2021 4:05 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

**BRITTANY BEAVERS**

) Case
) No.:    **2021CV348070**
)
)
**Plaintiff,**
)
)
vs.
)
**THE CHEESECAKE FACTORY**
)
**RESTAURANTS, INC.**
)
**Defendant**
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

    Rita Tucker Williams     Bar # 763978
    220 Church Street
    Decatur, GA 30030     404-370-3783

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This **4/9/2021** _____ day of _____ , 20 _____

     Honorable Cathelene "Tina" Robinson
     Clerk of Superior Court
     By_____
             Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____ , 20_____

                  Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***LW
Date: 4/9/2021 4:05 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRITTANY BEAVERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION |
| | * | FILE NO.:   **2021CV348070** |
| THE CHEESECAKE FACTORY | * | |
| RESTAURANTS, INC., | * | |
| | * | |
| Defendant. | * | |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** the BRITTANY BEAVERS, in the above-styled action, by and through her attorney of record, and files this Complaint for Damages against Defendant, THE CHEESECAKE FACTORY RESTAURANTS, INC., and shows the Court as follows:

### PARTIES

**1.**

Brittany Beavers, (called "Plaintiff Beavers") is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

**2.**

The Cheesecake Factory Restaurants, Inc., (called "Defendant Cheesecake Factory"), is a foreign corporation existing under the laws of California with its

1

principal place of business at 26901 Malibu Hills Road, Calabasas Hills, California 91301 and may be served through its registered agent ***Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County***, ***Georgia 30092***.

## JURISDICTION AND VENUE

### 3.

The Defendant is subject to the jurisdiction of this Court, and venue is proper in FULTON County.

### 4.

The Superior Court of Fulton County has jurisdiction over the subject matter of this action.

## BACKGROUND

### 5.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1through 4 above as if fully restated.

### 6.

Plaintiff brings this action and sues for the following:

a. Special damages for all medicals and other necessary expenses incurred by Plaintiff due to her injuries, on or about April 17, 2019, all of which

were proximately caused by the acts and omission of the Defendant as set forth herein.

b. Compensatory damages for the conscious pain and suffering and severe emotional distress which resulted from the occurrence made from the basis of this lawsuit, and which were proximately caused by the acts and omissions of the Defendant as set forth herein; and

c. General damages for the overall diminution in the quality and value of Plaintiff's life, proximately caused by the acts and omission of Defendant as set forth herein.

## FACTS

### 7.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 6 above as if fully restated.

### 8.

On April 17, 2019, Plaintiff, Brittany Beavers was an "invitee" at The Cheesecake Factory located at 4400 Ashford Dunwoody Road (Perimeter Mall), Atlanta, Georgia. Pursuant to O.C.G.A. § 51-3-1, *Under Georgia law, these people are known as "invitees", premises owner owe an "invitee" a duty of "ordinary care to keep the premises and approaches safe."*

3

**9.**

On April 17, 2019, at approximately 7:45 p.m., Plaintiff Beavers was a delivery contractor for Postmates, awaiting pickup of a delivery order at The Cheesecake Factory (Perimeter Mall).

**10.**

Postmates is an American quick-commerce and food delivery service owned by Uber that offers local delivery of restaurant-prepared meals and other goods.

**11.**

On this same day, Plaintiff Beavers went inside the Defendant Cheesecake Factory to use the ladies' restroom. Unbeknownst to Plaintiff Beavers upon entering the restroom, a lot of water was on the floor - where she slipped and fell causing severe injuries and immediate pain to her neck and low back. Plaintiff Beavers reported that her feet went out from under her and that she struck her head on the floor. *Plaintiff did not see the slippery nature of the floor, prior to her fall.*

**12.**

Plaintiff Beavers reported that the entire floor of the restroom was soaking wet due to a leak. There were no signs, cones, or any other kind of warnings to alert customers of a hazardous condition.

4

**13.**

The Defendant had exclusive ownership, possession, and control over the entire restaurant at all times relevant to this litigation.

**14.**

As a result of Defendant's negligence, Plaintiff Beavers suffered immediate pain and serious bodily injuries.

## COUNT ONE
## PREMISES LIABILITY

**15.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

**16.**

The Cheesecake Factory's liability has been established in the subject incident pursuant to O.C.G.A.§51-3-1 which states:

*"Where an owner or occupier of land, by express or implied invitation, includes or leads others to come upon his premises for any lawful purposes, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."*

**17.**

Plaintiff was an invitee of the Cheesecake Factory Restaurants, located at 4400 Ashford Dunwoody Road (Perimeter Mall), Atlanta, Georgia 30346.

**18.**

Therefore, pursuant to O.C.G.A.§ 51-3-1, The Cheesecake Factory owed the invitee a duty to exercise reasonable care in keeping the premises and approaches safe.

**19.**

The Cheesecake Factory breached this duty in the following ways:

a. In failing to clean/remove any liquid substance from the floors that may cause harm to its invitees.

b. In failing to warn invitees of the known potential hazard conditions on the floor.

c. In failing to place hazardous cones in a visible location as to warn invitees of possible dangerous areas; and

d. The Cheesecake Factory should have known of the leak in the restroom area.

**20.**

At all times, Plaintiff was exercising reasonable care and caution for her own safety.

6

**21.**

Had Defendants, through its agents and employees, been exercising reasonable care, the floor in the ladies' restroom would have been clean and invitees such as the Plaintiff could have avoided the incident that occurred on April 17, 2019.

**22.**

In failing to do so, the business breached its duty to Plaintiff, an invitee, and consequently caused her injuries.

## COUNT TWO
## DAMAGES

**23.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

**24.**

As a result of Defendant's negligence, Plaintiff Beavers suffered serious injuries. On April 22, 2019, Plaintiff Beavers presented to Prime Integrative Healthcare (Atlanta, GA), with chief complaints of neck pain, low back pain and right hip pain. Plaintiff Beavers was examined by Dr. Salih Baaith, who diagnosed her with the following:

| | |
|---|---|
| M46.40 | Lumbar Discitis *(inflammation that develops between the intervertebral discs of the spine)* |
| S33.2XX | Subluxation of Coccyx |

7

| M54.14 | Radiculopathy, Thoracic Region |
| M99.02 | Thoracic Segmental Dysfunction |

**25.**

Dr. Baaith conducted range of motion studies of Plaintiff Beavers' cervical and lumbar spine, which revealed severe restriction of movement with pain. Paraspinal studies of these areas revealed moderate to severe hypertonicity with myospasm. *Plaintiff Beavers also complained of headaches, bilateral shoulder pain, left leg pain and sciatica.*

**26.**

Plaintiff Beavers' complaint of headache could be the result of a post-traumatic brain injury. Plaintiff Beavers reported that her head struck the floor at the time of the slip and fall. The impact triggered a severe jolt, causing the brain to slide back and forth against the inner walls of the skull. The effects of this trauma can result in loss of memory and concentration, loss of coordination, changes in disposition, sensitivity to light, and additional physical and cognitive impairments.

**27.**

As a direct result of this incident, Plaintiff Beavers incurred the following expenses:

| | |
|---|---|
| Prime Integrative Healthcare | $8,280.00 |
| **Special Damages** | **$8,280.00** |
| Aggravated Circumstances | $20,000.00 |
| Pain and Suffering: Past, Present and Future | $20,000.00 |
| **Compensatory Damages** | **$40,000.00** |
| **Loss Wages (3 months)** | **$  4,500.00** |
| **TOTAL DAMAGES** | **$52,780.00** |

## AGGRAVATION OF PREVIOUS INJURIES

Plaintiff Brittany Beavers had a history of ongoing back and neck pain. These conditions have been **aggravated** by this incident and have caused her a great deal of pain and suffering.

The law states that where a condition or bodily defect is ***increased or aggravated,*** the party whose negligence caused the injury is liable for the full and final effect, the net result of such injury. In other words, a party whose negligence causes physical injury to another cannot urge that the event would not have caused any serious injury to a normally healthy person or that the only reason that the injured person is suffering such disability or pains is that he was already suffering from a pre-existing condition or bodily defect.

9

## COUNT THREE
## PUNITIVE DAMAGES

### 28.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

### 29.

Defendant demonstrated a conscious indifference to the consequences of its actions when it continually failed to warn invitees of wet floor in the ladies' restroom.  Defendant demonstrated un unwillingness to keep the premises safe for invitees.

### 30.

Defendant showed willfulness, extreme recklessness, total disregard, and a conscious indifference to the safety and wellbeing of others, including but not limited to, the Plaintiff.

### 31.

Defendant's behavior was so egregious that it constituted reckless conduct and a want of care for the consequences of its actions.  Defendant is therefore liable for an award of punitive damages.

## COUNT FOUR
## NEGLIGENT TRAINING and/or SUPERVISION

### 32.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

### 33.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, maintenance were performed on the leak in the ladies' restroom and in failing to train its employees concerning safety procedures for water leaks.

### 34.

Defendant was negligent in training and supervising its staff to properly maintain clean and hazard free-floors through-out its restaurant, including the ladies' restroom, located at 4400 Ashford Dunwoody Road (Perimeter Mall), Atlanta, Georgia 30342.

### 35.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was permanently injured on the subject premises.

**WHEREFORE**, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

a. That Plaintiff recovers special damages, including, but not limited to, the full value of past and future medical expenses in an amount to be proven at trial.

b. That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury.

c. That Plaintiff recovers punitive or exemplary damages against Defendant for its conscious indifference to the consequences of its actions.

d. That Plaintiff recovers such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 9th day of April 2021.

**WILLIAMS & ASSOCIATES
LAW FIRM, P. C.**

*/s/ Rita Tucker Williams*
Rita T. Williams
State Bar No. 763978
Ledia L. Regis
State Bar No. 750281
***Attorneys for Plaintiff***

220 Church Street
Decatur, GA  30030
(404) 370-3783
E: *rtwilliams@williamsandassoc.com*
E: *lregis@williamsandassoc.com*

Fulton County Superior Court
***EFILED***LW
Date: 4/9/2021 4:05 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRITTANY BEAVERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION |
| | * | FILE NO.:  __2021CV348070__ |
| THE CHEESECAKE FACTORY | * | |
| RESTAURANTS, INC., | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT
## THE CHEESECAKE FACTORY RESTAURANTS, INC.

You are required, pursuant to O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, to fully answer the following interrogatories separately and fully, in writing and under oath within 45 days of the service of this pleading. You are required by O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33 to answer the interrogatories by furnishing all discoverable information available to you, which includes information which you have the power to secure and information which is within the knowledge of you or your attorney.

All the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, and you are required to serve supplemental answers to the extent required

1

thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial. Copies of such supplemental answers shall be served on the undersigned within thirty (30) days from the discovery of such additional information, but not later than the time of trial.

## DEFINITIONS

The following definitions are applicable to each of the following Interrogatories unless negated by context:

The term "Documents" shall mean the original and any copies regardless of origin or location, or of any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproduction thereof to which you have or have had access.

The word "Person" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

The term "Communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

The word "Identify" with respect to any person, as defined above, or witness means to provide the following information: (a) full and correct legal name; (b) recent address and phone number; (c) the place of employment and phone number.

The word "Identify" with respect to any document means to provide the

following information: (a) the title of other means of identification of such document; (b) date that each document was prepared; (c) the name, address and telephone number of the person (s) who prepared the document; (d) the name, address and telephone number of the person (s) currently in control of each document; (e) a description of the contents and subject matter of the document.

When used in these Interrogatories, the term "Incident/Collision" specifically refers to the collision which is described in the attached Complaint.

## **INTERROGATORIES**

### **1.**

State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.

### **2.**

State whether you have a copy of any statement which the Plaintiff, Defendant, witnesses, or any other individuals have previously made concerning this action or its subject matter and which is in your possession, custody, or control. If so, as to each such statement and as to each such individual, state the name of the individual taking the statement, the date of the statement, the form of the statement and the verbatim content of the statement, or alternatively attach a copy thereof to your answer to Interrogatories.

**3.**

Identify all persons by name, address and phone involved in responding to these interrogatories.

**4.**

Please identify by name, address, and phone number of the contractor and/or sub-contractors and/or employees who is responsible for cleaning and maintaining the ladies' restrooms within the Cheesecake Factory Restaurant at 4400 Ashford Dunwoody Road (Perimeter Mall), Atlanta, GA 30346.

**5.**

Please state what are the policies and procedures regarding the cleaning and maintaining the ladies' restrooms within the Cheesecake Factory Restaurant at 4400 Ashford Dunwoody Road (Perimeter Mall), Atlanta, GA 30346.

**6.**

List all workers/employees who cleaned ladies restroom of the date of incident.

**7.**

Please identify by name, address, phone number and policy number of the insurance carrier which insures Defendant Cheesecake Factory (Perimeter Mall), 4400 Ashford Dunwoody Road, Atlanta, GA 30346.

**8.**

Please identify by name, address, phone number, and job title of each employee of Defendant who completed an incident report on the date of loss.

**9.**

Please identify and describe in detail all documents you or your counsel has submitted to your carrier regarding this date of loss (April 17, 2019).

**10.**

Please identify all employees by name, address, phone number and job title of Defendant Cheesecake Factory Rest who has first-hand knowledge of the leaks in the ladies' restroom on the date of loss (April 17, 2019).

**11.**

Please identify all employees of Defendant Cheesecake Factory Restaurant by name, address, phone number, and job title who arrived at the scene on the date of Plaintiff's injury.

**12.**

Have you or anyone acting on your behalf interviewed any individual concerning the incident which is the subject of this litigation:

  a.  The name, address and phone number of the individual interviewed; and

  b.  The name, address and phone number of the person who conducted the interview.

5

**13.**

Do you or anyone acting on your behalf know of any photographs, films or videotapes depicting the wet floor and/or leaks inside the ladies' restroom and/or incident which is the subject of this litigation:

    a.  The place, objects or persons photographed, filmed, or videotaped.

    b.  The date the photographs, films or videotapes were taken.

    c.  The name, address and telephone number of the individual taking the photographs, films, or videotapes; and

    d.  The name, address and telephone number of each person who has the original or a copy.

**14.**

Please state the facts Defendant relies upon to deny all or any liability in this claim.

**15.**

State the full name and anticipated testimony of all witnesses, including expert witnesses, which you reasonably anticipate may be called as witnesses. (NOTE: This Interrogatory is intended to identify all person whom you reasonably anticipate

may be called as witnesses at trial even though your attorneys have not made a final

determination as to what witnesses will be called.)

This 9th day of April 2021.

WILLIAMS & ASSOCIATES
LAW FIRM, P.C.

*/s/ Rita T. Williams*
Rita T. Williams
GA State Bar No. 763978
Ledia L. Regis
GA State Bar No. 750281
*Attorneys for Plaintiffs*

220 Church Street
Decatur, GA  30030
(404) 370-3783
Email: rtwilliams@williamsandassoc.com
Email: lregis@williamsandassoc.com

Fulton County Superior Court
***EFILED***LW
Date: 4/9/2021 4:05 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BRITTANY BEAVERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION |
| | * | FILE NO.: __2021CV348070__ |
| THE CHEESECAKE FACTORY | * | |
| RESTAURANTS, INC., | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT THE CHEESECAKE FACTORY RESTAURANTS, INC.

You are required, pursuant to O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, to fully answer the following request for documents separately and fully, in writing and under oath within 30 days of the service of this pleading. You are required by O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33 to answer the request for documents by furnishing all discoverable information available to you, which includes information which you have the power to secure and information which is within the knowledge of you or your attorney.

All the following requests for documents shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26 and O.C.G.A. § 9-11-33, and you are required to serve supplemental answers to the

extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial.  Copies of such supplemental answers shall be served on the undersigned within thirty (30) days from the discovery of such additional information, but not later than the time of trial.

## **DEFINITIONS**

The following definitions are applicable to each of the following Requests for Documents unless negated by context:

The term "Documents" shall mean the original and any copies regardless of origin or location, or of any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproduction thereof to which you have or have had access.

The word "Person" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

The term "Communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

The word "Identify" with respect to any person, as defined above, or witness means to provide the following information: (a) full and correct legal name; (b) recent address and phone number; (c) the place of employment and phone number.

When used in these Requests, the term "Incident/Collision" specifically refers to the collision which is described in the attached Complaint.

## REQUESTS

### 1.

Please produce any and all incident reports, witness statements, investigation reports or other statements from witnesses or any persons claiming to have knowledge concerning the incident which is the subject matter of this action.

### 2.

Please produce any and all maps, pictures, photographs, building plans, floor plans, layouts, or building specifications of the incident site in question that is the subject matter of this action.

### 3.

Please produce any all photographs, films, videotapes depicting any place, object or individual concerning the incident or Plaintiff's injuries.

### 4.

Please produce any all photographs, films, videotapes depicting the wet floor and leaks in the ladies' restroom.

**5.**

Please produce any and all shifts' logs and schedules for all employees scheduled to work on the day of the incident, 24 hours before the incident, and 24 hours after the incident at issue in this case.

**6.**

Please produce any and all incident reports, witness statements, investigation reports or other statements from witnesses or any persons claiming to have knowledge concerning incidents involving any and all water leaks of any kind within the past five (5) years at the subject location of the incident at issue in this matter.

**7.**

Please produce a declaration page or the complete policy of insurance for all policies of insurance, which cover, or which may cover any of the claims asserted by Plaintiff in this lawsuit. This request seeks production of the described information for each policy of insurance identified in response to the interrogatories filed and served simultaneously herewith.

**8.**

Please produce all written or recorded statements, incident/accident reports, drafts, notes, calculations, memos, handwritten notes, and all other documents or tangible items produced by every expert retained by you whom you anticipate you may call to testify as an expert witness at the trial of this case.

4

**9.**

Please produce all documents, tangible items, and/or exhibits you plan to introduce into evidence at the trial of this case.

**10.**

Please produce all <u>diagrams, sketches, videos, photos, surveillance cameras,</u> or other tangible items, which are relevant to or relate to the subject incident or any defenses you have raised regarding the subject incident.

**11.**

Please produce any and all medical records and medical bills of Plaintiff Brittany Beavers in your possession.

**12.**

Please provide a copy of any and all medical records and medical bills of Plaintiff Brittany Beavers you received through "Request for Production of Documents from any Non-Party Requests."

**13.**

Please produce a true copy of all documents providing the written notification of water leaks issues and/or leaks in the last five years to present.

**14.**

Please produce all repairs to plumbing and by whom and receipts from January 2018 through the present.

**15.**

Please produce a list of all employees who worked at the listed Cheesecake Factory Restaurant from April 2016 through the present.   List by title and responsibilities.

**16.**

Please produce medical records of Plaintiff Beavers from 5 years before the fall to the present.

This 9th day of April 2021.

**WILLIAMS & ASSOCIATES**
**LAW FIRM, P.C.**

*/s/ Rita T. Williams*
Rita T. Williams
GA State Bar No. 763978
Ledia L. Regis
GA State Bar No. 750281
*Attorneys for Plaintiffs*

220 Church Street
Decatur, GA  30030
(404) 370-3783
Email: rtwilliams@williamsandassoc.com
Email: lregis@williamsandassoc.com

6

Fulton County Superior Court
***EFILED***TB
Date: 5/11/2021 9:32 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BRITTANY BEAVERS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| | ) | **2021CV348070** |
| **THE CHEESECAKE FACTORY** | ) | |
| **RESTAURANTS, INC.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE CHEESECAKE FACTORY RESTRAUANTS, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant The Cheesecake Factory Restaurants, Inc. ("TCF" or "this Defendant") and files this, its Answer to Plaintiff's Complaint for Damages ("Complaint"):

### FIRST DEFENSE

Plaintiff's Complaint and each count thereof fails to state a claim upon which relief can be granted against TCF.

### SECOND DEFENSE

Plaintiff's injuries, if any, were caused solely and proximately by the acts or omissions of third persons.  Such acts and omissions themselves constitute the sole

proximate cause of Plaintiff's injuries and further served to break the chain of causation between plaintiff's injuries and any negligence claims in his Complaint. TCF specifically denies that it has been guilty of any negligence whatsoever with respect to Plaintiff.

## **THIRD DEFENSE**

TCF breached no duty owed to Plaintiff under the circumstances.

## **FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided any injury allegedly sustained, and, on account thereof, Plaintiff is not entitled to recover any sum from TCF.

## **FIFTH DEFENSE**

To the extent Plaintiff has been compensated for the alleged damages by receiving payment from other persons or entities, the amount of any compensation should be set-off against any recovery Plaintiff may receive in this action.

## **SIXTH DEFENSE**

Plaintiff cannot recover against TCF because Plaintiff has been contributorily negligent.

## **SEVENTH DEFENSE**

Defendant asserts the defense of comparative negligence.

## EIGHTH DEFENSE

Plaintiff cannot recover against TCF because Plaintiff has failed to mitigate her damages.

## NINTH DEFENSE

Plaintiff cannot recover against TCF because Plaintiff assumed the risk of her injuries.

## TENTH DEFENSE

Plaintiff cannot recover against TCF because Plaintiff previously traversed the hazard alleged.

## ELEVENTH DEFENSE

Plaintiff's lawsuit is barred by the applicable statute of limitations.

## TWELFTH DEFENSE

Venue is improper in Fulton County, Georgia.

## THIRTEENTH DEFENSE

Plaintiff cannot recover because Plaintiff possessed the last clear chance to avoid her injuries.

## FOURTEENTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, TCF asserts the affirmative defenses of insufficient service of process, insufficient process, assumption of the risk, contributory/comparative negligence, failure of

Plaintiff to exercise ordinary care for his own safety, failure of Plaintiff to avoid consequences, last clear chance, failure of Plaintiff to mitigate damages, insufficiency of service of process, and insufficiency of service.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages. Even if Plaintiff's Complaint states a claim for punitive damages, such damages are capped at $250,000.

## SIXTEENTH DEFENSE

The imposition of punitive damages against this Defendant would violate its under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTEENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against this Defendant in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTEENTH DEFENSE

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, this Defendant answers as follows:

## RESPONSE TO "PARTIES"

1.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 1 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

2.

Defendant TCF admits that portion of the allegations of paragraph 3 of Plaintiff's complaint that it is a citizen of California for the purposes of federal jurisdiction as it is incorporated under the laws of California, its principal place of business is in California, and that it can be served in accordance with Georgia law. To the extent the allegations contained in paragraph 2 of plaintiff's Complaint are inconsistent with Georgia law, they are denied.

## RESPONSE TO "JURISDICTION AND VENUE"

3.

The allegations of paragraph 3 of the Complaint call for a legal conclusion and therefore no response is required to same.

4.

The allegations of paragraph 4 of the Complaint call for a legal conclusion and therefore no response is required to same.

## RESPONDING TO "BACKGROUND"

5.

Defendant TCF reincorporates its responses to paragraphs 1-4 as if fully set forth herein.

6.

The allegations of paragraph 6 of the Complaint call for a legal conclusion and therefore no response is required to same. To the extent a response is required, Defendant TCF denies the allegations contained in paragraph 6 of Plaintiff's complaint, including, but not limited to, all subparts contained therein.

## RESPONDING TO "FACTS"

7.

Defendant TCF reincorporates its responses to paragraphs 1-6 as if fully set forth herein.

8.

Defendant admits that portion of paragraph 8 of plaintiff's Complaint that, under Georgia law, a premises owner owes a duty of ordinary care to keep the premises and approaches safe for an invitee. Defendant can neither admit nor deny

the remaining allegations of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff on strict proof of same.

9.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 9 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

10.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 10 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

11.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 11 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

12.

Defendant TCF denies the allegations contained in paragraph 12 of Plaintiff's complaint.

13.

Defendant TCF admits the allegations contained in paragraph 13 of the complaint.

14.

Defendant TCF denies the allegations contained in paragraph 14 of Plaintiff's complaint.

## RESPONDING TO COUNT I – ALLEGED PREMISES LIABILITY

15.

Defendant TCF reincorporates its responses to paragraphs 1-14 as if fully set forth herein.

16.

Defendant TCF admits only that portion of paragraph 16 of plaintiff's Complaint that plaintiff accurately quoted O.C.G.A. § 51-3-1. Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's complaint. To the extent the allegations contained in paragraph 16 of plaintiff's Complaint claim TCF is liability for the breach of any duty allegedly owed plaintiff.

17.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

18.

Defendant TCF admits only that portion of paragraph 18 of plaintiff's complaint that any duty owed is controlled by Georgia law. Defendant TCF denies the remaining allegations contained in paragraph 18 of Plaintiff's complaint.

19.

Defendant TCF denies the allegations contained in paragraph 19 of Plaintiff's complaint, including, but not limited to, the allegations contained in all subparts.

20.

Defendant TCF denies the allegations contained in paragraph 20 of Plaintiff's complaint.

21.

Defendant TCF denies the allegations contained in paragraph 21 of Plaintiff's complaint.

22.

Defendant TCF denies the allegations contained in paragraph 22 of Plaintiff's complaint.

## RESPONDING TO COUNT II – ALLEGED DAMAGES

23.

Defendant TCF reincorporates its responses to paragraphs 1-22 as if fully set forth herein.

24.

Defendant TCF denies that Plaintiff suffered injuries as result of TCF's negligence. Defendant TCF can neither admit nor deny the remaining allegations contained in paragraph 24 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

25.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 25 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

26.

Defendant TCF can neither admit nor deny the allegations contained in paragraph 26 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

27.

Defendant TCF denies the allegations contained in paragraph 27 of Plaintiff's complaint.

**RESPONDING TO: COUNT III – ALLEGED PUNITIVE DAMAGES**

28.

Defendant TCF reincorporates its responses to paragraphs 1-27 as if fully set forth herein.

- 10 -

29.

Defendant TCF denies the allegations contained in paragraph 29 of Plaintiff's complaint.

30.

Defendant TCF denies the allegations contained in paragraph 30 of Plaintiff's complaint.

31.

Defendant TCF denies the allegations contained in paragraph 31 of Plaintiff's complaint.

## RESPONDING TO: COUNT IV – ALLEGED NEGLIGENT TRAINING and/or SUPERVISION

32.

Defendant TCF reincorporates its responses to paragraphs 1-32 as if fully set forth herein.

33.

Defendant TCF denies the allegations contained in paragraph 33 of Plaintiff's complaint.

34.

Defendant TCF denies the allegations contained in paragraph 34 of Plaintiff's complaint.

35.

Defendant TCF denies the allegations contained in paragraph 35 of Plaintiff's complaint.

36.

Responding to the "WHEREFORE" paragraph, this Defendant denies that the Plaintiff is entitled to the relief requested as to form, content or amount.

37.

To the extent any allegation in the complaint has not been specifically admitted it is hereby denied.

38.

This Defendant demands a jury of twelve persons on all issues so triable.

This 11th day of May, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Eric Retter
Georgia Bar No. 351882
eretter@fmglaw.com

*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(678) 236-9099 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the *Odyssey e-Filing System*, which will automatically send e-mail notification of such filing, to the following attorneys of record:

Rita Tucker Williams
Ledia Regis
Williams & Associates Law Firm, P.C.
220 Church Street
Decatur, GA 30030

This 11th day of May, 2021.

/s/ Wayne S. Melnick
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Eric Retter
Georgia Bar No. 351882
eretter@fmglaw.com

*Attorneys for Defendant*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960